UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIE CLAVO | CIVIL ACTION |
| VERSUS | No. 11-2843 |
| ROXANNE TOWNSEND ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss filed by defendant, FARA Insurance Services, for insufficiency of service and for failure to state a claim upon which relief can be granted. Also before the Court is a motion[2] to dismiss filed by defendants, Roxanne Townsend, Alisha Collins, Thomas McGaw, Louisiana State Employees Retirement System, and the Board of Supervisors of Louisiana State University ("the Board"), for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Plaintiff, Julie Clavo, opposes the motions to dismiss.[3]

Plaintiff seeks leave to file documentary evidence in support of her original and amended complaints.[4] Plaintiff has also filed a motion[5] to vacate the U.S. Magistrate Judge's order denying her motion for leave to name Judge Robert Varnado and Todd Riplie as defendants in her amended complaint. Plaintiff further seeks a declaratory judgment and an injunction with

---

[1] R. Doc. No. 69.

[2] R. Doc. No. 72.

[3] R. Doc. Nos. 75, 76.

[4] R. Doc. No. 80.

[5] R. Doc. No. 81.

respect to her right to medical and indemnity benefits under the Louisiana Workers' Compensation Act.[6]

Having carefully considered the record, the arguments raised by the parties in their memoranda, and the law, the Court has determined that oral argument is not necessary to resolve the issues raised therein.  For the following reasons, the above-captioned matter must be dismissed for lack of subject matter jurisdiction.

## *BACKGROUND*

Plaintiff, Julie Clavo ("Clavo"), filed this lawsuit asserting claims against various actors in their official and personal capacities following an alleged job-related accident that prevented her from performing her duties as a phlebotomist supervisor at the Medical Center of Louisiana at New Orleans ("the MCLNO").[7]

Clavo alleges that an MCLNO human resources employee, Alisha Collins ("Collins"), forced her to use $28,000 in accumulated sick and annual leave time as compensation prior to obtaining workers' compensation benefits.[8]  Clavo claims that Collins threatened to terminate her employment when her sick and annual leave time was exhausted and that she was forced to retire.[9]  Clavo further claims that an MCLNO administrator, Roxanne Townsend, approved the employment actions.[10]  Clavo alleges that the MCLNO, Collins, and Townsend should have interacted with her workers' compensation attorney rather than with her, but that they

---

[6] R. Doc. No. 88.

[7] *See* R. Doc. Nos. 1, 66.

[8] R. Doc. No. 66, at p. 3, ¶ 8; R. Doc. No. 1, at p. 2, ¶ 4.

[9] R. Doc. No. 66, at p. 5, ¶¶ 16-17.

[10] *Id.* at p. 4, ¶ 13.

"circumvented her legal counsel and advised her to her detriment."[11]   Clavo contends that such

actions violated the U.S. Constitution, federal and state law, MCLNO policies, and the Louisiana

Workers' Compensation Act.[12]

Clavo further alleges that FARA Insurance Services ("FARA") failed to pay workers'

compensation benefits from April 3, 2008 to November 2008 and then began to make bi-weekly

payments at an incorrect rate.[13]   Clavo claims that the Division of Administration (Office of Risk

Management) ("the ORM") contracted FARA, which assigned Todd Riplie ("Riplie") to act as

the third-party administrator to handle her workers' compensation claim.[14]   Clavo claims that

Riplie continued to investigate her claim after being removed as an adjuster.[15]   She alleges that

Riplie interfered with her claim by "soliciting a SMO" from Dr. Kevin W. Martinez ("Dr.

Martinez") that her back injury was unrelated to her job accident.[16]   Clavo contends that Dr.

Martinez's opinion was used by FARA, Connick & Connick, L.L.C. ("Connick & Connick"),

and the ORM to prevent her from prosecuting her workers' compensation lawsuit.[17]   Clavo

alleges that Dr. Tarun Jolly ("Dr. Jolly") later "joined" in Dr. Martinez's opinion to "aid"

Connick & Connick, the ORM, and FARA from paying her "entitled benefits."[18]

---

[11] *Id.* at p. 5, ¶ 18.

[12] *Id.* at pp. 4, 5, ¶¶ 13, 19.

[13] *Id.* at p. 5, ¶ 20.

[14] *Id.* at p. 6, ¶ 21.

[15] *Id.* at p. 6, ¶ 22.

[16] *Id.* at pp. 6, 10, ¶¶ 22, 52.  Presumably, Clavo is referring to a "second medical opinion."

[17] *Id.* at p. 6, ¶ 23.

[18] *Id.* at p. 6, ¶ 25.

Clavo argues that her attorney, Hugh E. McNeely ("McNeely"), failed to protect her rights with respect to her claim for workers' compensation.[19] Clavo contends that McNeely misrepresented to her that he and Assistant Attorney General Thomas McGaw ("McGaw") were negotiating a settlement that would be finalized before her trial date.[20] She claims that McNeely and McGaw failed to reach a compromise and fraudulently misrepresented to the court that she wanted to voluntarily dismiss her workers' compensation claim.[21] Clavo claims that Judge Robert Varnado ("Judge Varnado") held *ex parte* meetings with McNeely and McGaw and conspired with them to dismiss her claims.[22] Clavo also alleges that McGaw and FARA, without reaching a settlement or resetting her case for trial, filed a false affidavit with respect to her earnings and petitioned the court for a "disability retirement offset" to reduce her retirement benefits.[23]

Clavo claims that McGaw withdrew from the case and Kristina Kent ("Kent") was assigned by Connick & Connick to represent the ORM with respect to her workers' compensation claim.[24] Clavo contends that she propounded discovery to Kent, but that Kent refused to disclose relevant information.[25] Clavo alleges that Kent participated in a settlement conference, but that Kent did not attempt to negotiate in good faith.[26] Clavo claims that Rachel

---

[19] *Id.* at p. 7, ¶ 30.

[20] *Id.* at p. 7, ¶ 31.

[21] *Id.* at pp. 8, 10, ¶¶ 32-33, 44.

[22] *Id.* at pp. 8-9, ¶¶ 41-47.

[23] *Id.* at p. 8, ¶ 40.

[24] *Id.* at p. 11, ¶ 57.

[25] *Id.* at p. 11, ¶ 59.

[26] *Id.* at p. 11, ¶¶ 61-62.

Riser ("Riser") and Michael Nolan ("Nolan") were "interchanged" by Connick & Connick to handle the case, but that they also concealed discovery and had *ex parte* hearings to contest the workers' compensation claim.[27]   She alleges that Nolan, Riplie, and Judge Varnado "had a meeting of the mind" and agreed to dismiss her claim on the ground that her back injuries were unrelated to her job accident.[28]   Clavo claims that notwithstanding her "subpoena for certified records withheld by defendants," Judge Varnado dismissed her case for lack of evidence.[29]

On November 15, 2011, Clavo filed this lawsuit against Townsend, the MCLNO, Collins, McNeely, McGaw, the Louisiana State Employees Retirement System ("the LASERS"), Riplie, and FARA.[30]   Clavo was subsequently permitted to amend her complaint and an amended complaint was filed on November 26, 2012.[31]   Clavo named additional defendants in her amended complaint, including the ORM, Connick & Connick, Kent, Riser, Nolan, Dr. Jolly, Dr. Martinez, and Southern Pain Relief, L.L.C.[32]   Clavo was not permitted to make amendments with respect to Judge Varnado, Riplie, and the Board on the ground that such amendments would be futile.[33]

### STANDARD OF LAW

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to

---

[27] *Id.* at p. 11, ¶¶ 60, 63.

[28] *Id.* at p. 12,¶ 69.

[29] *Id.* at p. 13, ¶ 70.

[30] *See* R. Doc. No. 1, at p. 1. The case was reassigned to this section of the Court on May 30, 2012.  R. Doc. No. 26.

[31] R. Doc. Nos. 65, 66.

[32] R. Doc. No. 66, at p. 2.

[33] R. Doc. No. 65; R. Doc. No. 66, at p. 2, ¶ 10.

hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).   Where "a Rule

12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the

Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (citing *Hitt v.*

*City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).   A motion to dismiss for lack of subject

matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any

set of facts in support of [her] claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at

161. Lack of subject matter jurisdiction may be found through an examination of: (1) the

complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or

(3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts.

*See id.*   Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction

is on the party asserting jurisdiction, plaintiff "constantly bears the burden of proof that

jurisdiction does in fact exist." *See id.*

## *DISCUSSION*

### I.      Plaintiff's claims against the ORM, the Board, the LASERS, the MCLNO, and Townsend, Collins, and McGaw in their official capacities

This Court lacks subject matter jurisdiction over Clavo's claims against the ORM, the

Board, the LASERS, and the MCLNO as well as those claims against Townsend, Collins, and

McGaw in their official capacities.   The Eleventh Amendment of the United States Constitution

provides:

> The Judicial power of the United States shall not be construed to
> extend to any suit in law or equity, commenced or prosecuted
> against one of the United States by Citizens of another State, or by
> Citizens or Subjects of any Foreign State.

The Supreme Court has interpreted the Eleventh Amendment to bar citizens from suing

their own states.   *United States v. Tex. Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) (citing

*Hans v. Louisiana*, 134 U.S. 1 (1890)).  "The State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State."  *Vogt v. Bd. of Comm'rs of the Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002) (citing *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429 (1997)).    The Eleventh Amendment bars a lawsuit against a state or state entity for both monetary relief and prospective relief.[34] *See Cozzo*, 279 F.3d at 280–81; *see also Pennhurst*, 465 U.S. at 100 (holding that the jurisdictional bar of the Eleventh Amendment "applies regardless of the nature of the relief sought"); *Briggs v. Mississippi*, 331 F.3d 499, 503 (5th Cir. 2003) ("[T]he Eleventh Amendment bars suit against a state or state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought . . . .") (internal quotation and citation omitted).  The State of Louisiana has not waived its immunity and Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983.  *Quern v. Jordan*, 440 U.S. 332 (1979); La. Rev. Stat. Ann. § 13:5106(A).

This Court lacks subject matter jurisdiction over Clavo's claims against the ORM, the Board, the MCLNO, and the LASERS because they are "alter egos" or "arms" of the State.[35] *See Robinson v. Road Home Corp.*, No. 09-4782, 2010 WL 148364, at *2 (E.D. La. Jan. 12, 2010) (Duval, J.) (holding that the Eleventh Amendment barred claims against an agency of the Division of Administration); *Dyess v. La. State Univ. Bd. of Supervisors*, No. 05-392,  2005 WL

---

[34] Pursuant to the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does not preclude lawsuits in federal court against state officials in their official capacities in which prospective relief is sought for violations of federal law because such lawsuits are not treated as actions against the state. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989); *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n. 3 (5th Cir. 1996). However, the immunity extends to state officials in their official capacities when they are sued for monetary relief because it is no different from a lawsuit against the state itself. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984).

[35] The Fifth Circuit employs a six-factor test to determine whether an entity is an arm of the state such that it is entitled to sovereign immunity. *See Vogt*, 294 F.3d at 688-89.

2060915, at \*4 (E.D. La. Aug. 19, 2005) (Vance, J.) (holding that the Eleventh Amendment barred claims against the Board); *Thomason v. Med. Ctr. of La. at New Orleans*, No. 99-3734, 2001 WL 839030, at \*3  (E.D. La. July 23, 2001) (Fallon, J.) (holding that the Eleventh Amendment barred claims against the MCLNO); *Dauphin v. La. Dep't of Pub. Safety and Corrs.*, No. 06-10741, 2008 WL 440335, at \*2 (E.D. La. Feb. 12, 2008) (Lemmon, J.) (holding that the Eleventh Amendment barred claims against the LASERS).

This Court similarly lacks subject matter jurisdiction over Clavo's claims for monetary relief against Collins, Townsend, and McGaw in their official capacities because a lawsuit for monetary relief against a government official in his or her official capacity is treated as a lawsuit against the entity.[36] *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996); *Muhammad v. Louisiana*, No 99-3742, 2000 WL 1568210, at \*3 (E.D. La. Oct. 18, 2000) (Barbier, J.) (holding that the Eleventh Amendment barred claims for monetary relief against an assistant attorney general in her official capacity).  Accordingly, Clavo's claims for monetary relief against Collins, Townsend, and McGaw in their official capacities are barred by the Eleventh Amendment and must be dismissed for lack of subject matter jurisdiction.

## II.     Clavo's federal claims against Collins, Townsend, and McGaw in their individual capacities and the remaining defendants

This Court lacks jurisdiction over Clavo's federal claims against Collins, Townsend, and McGaw in their individual capacities as well as her federal claims against the remaining defendants because they represent an impermissible collateral attack on a state court judgment.

---

[36] Clavo sued Collins, Townsend, and McGaw in their official and individual capacities. *See* R. Doc. No. 1; R. Doc. No. 66. Although it appears that Clavo seeks only monetary relief in this lawsuit based on the alleged mishandling of her workers' compensation claim, to the extent that she seeks prospective relief against these defendants in their official capacities, such claims would be barred by the *Rooker-Feldman* doctrine as discussed herein.

The U.S. Court of Appeals for the Fifth Circuit has held that a plaintiff may not "couch" her complaint in terms of a civil action alleging constitutional violations when it is essentially attacking a state court judgment in a workers' compensation case.  *See, e.g.*, *Randolph v. Texaco Inc.*, 471 F. App'x 416, 417 (5th Cir. 2012).  The *Rooker-Feldman* doctrine teaches that federal district courts lack jurisdiction to consider such collateral attacks.[37] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).  "Litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."  *Randolph*, 471 F. App'x  at 417 (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)); *see also Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court.").

Clavo has made clear that she chose to file this lawsuit as an alternative to taking an appeal in state court.[38]  Although she claims that she was deprived of federal constitutional rights as a result of the workers' compensation offset for sick and annual leave time, the alleged

---

[37] "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482 n. 16) (footnote omitted).

[38] This Court ordered additional briefing because it was unclear from the record whether an appeal was pending with respect to the alleged improper dismissal of plaintiff's workers' compensation case that was the subject of her original complaint and/or with respect to the alleged improper dismissal of her subsequent workers' compensation case (or cases) that was the subject of her amended complaint.  Based on a review of the entire record including the original complaint, the amended complaint, the motion for declaratory and injunctive relief, and the supplemental briefing submitted by the parties, this Court is satisfied that the original and amended complaints are simply actions "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.  *See, e.g.*, *Pl's Resp. to Req.  for Supp. Br.*, R. Doc. No. 101, at p. 3 ("In conclusion, plaintiff filed an amended and supplemental complaint . . . instead of an appeal in state court.").

improper adjudication of her claim, and other unfavorable outcomes in her workers' compensation case, Clavo is essentially attacking the results of her workers' compensation case. *See, e.g.*, *Randolph*, 471 F. App'x at 417; *Rigaud v. Broward Gen. Med. Ctr.*, 346 F. App'x 453 (11th Cir. 2009); *Jack v. Prairie Cajun Seafood Wholesale*, No. 08-1060, 2008 WL 4386873, at *2 (W.D. La. Aug. 21, 2008) (Hill, Mag. J.) *report and recommendation approved* R. Doc. No. 9 (W.D. La. Sept. 23, 2008) (Haik, J.); *Collins v. Wash. Dept't of Labor and Indus.*, 2012 WL 1033567, at *5 (W.D. Wash. Mar. 27, 2012).   Accordingly, Clavo's federal claims against Collins, Townsend, and McGaw in their individual capacities as well as her federal claims against the remaining defendants must be dismissed for lack of subject matter jurisdiction.

## III.   Remaining State Law Claims

To the extent that Clavo has alleged state law claims that are not barred by the *Rooker-Feldman* doctrine, the Court declines to exercise supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").   "When a court dismisses all federal claims before trial, the general rule is to dismiss any [supplemental] claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). Moreover, "the Supreme Court has counseled that the dismissal of all federal claims weighs heavily in favor of declining jurisdiction." *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003)).   "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).   "However, the dismissal of the [supplemental] claims should expressly be *without* prejudice so that the plaintiff may refile

10

[her] claims in the appropriate state court." *Bass*, 180 F.3d at 246 (emphasis in original). Balancing considerations of judicial economy, convenience, fairness to litigants, and comity, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. *See Gibbs*, 383 U.S. at 726.

### *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion[39] for leave to file evidence in support of her original and amended complaints is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion[40] to dismiss for lack of subject matter jurisdiction filed by defendants, Roxanne Townsend, Alisha Collins, Thomas McGaw, the Louisiana State Employees Retirement System, and the Board of Supervisors of Louisiana State University, is **GRANTED.**

**IT IS FURTHER ORDERED** that all federal claims asserted in the above-captioned matter against all defendants in their official and/or individual capacities are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that any remaining state law claims asserted in the above-captioned matter are **DISMISSED WITHOUT PREJUDICE** as the Court declines to exercise supplemental jurisdiction over the same.

---

[39] R. Doc. No. 80.

[40] R. Doc. No. 72.

**IT IS FURTHER ORDERED** that the motion[41] to dismiss for insufficiency of service and for failure to state a claim upon which relief can be granted filed by defendant, FARA Insurance Services, is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion[42] to vacate the U.S. Magistrate Judge's order denying her motion for leave to name Judge Varnado and Todd Riplie as defendants in her amended complaint is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion[43] for a declaratory judgment and an injunction is **DISMISSED AS MOOT**.

New Orleans, Louisiana, April 18, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. No. 69.

[42] R. Doc. No. 81.

[43] R. Doc. No. 88.